UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BOXES OF ST. LOUIS INCORPORATED, d/b/a, Boxes, Inc., ) ) ) Plaintiff, ) ) ) v. ) ) JEFF DAVOLT, et al., ) ) Defendants. ) | Case No. 4:09CV922 RWS |

## MEMORANDUM AND ORDER

Plaintiff Boxes of St. Louis, Inc. (Boxes, Inc.) is in the business of providing graphic display and packaging solutions to customers in, among other places, the St. Louis, Missouri metropolitan area. Boxes, Inc. alleges in its complaint that four employees left the firm and started a competing business with the help of another competitor. The complaint alleges numerous claims ranging from breach of contract to violations of federal computer fraud statutes. Defendants Anabel Davolt, Jeff Davolt, Chris Watson, Tim Gibilterra, and Brio Display, LLC have filed counterclaims. Boxes, Inc. has filed a motion to dismiss the counterclaims. I will grant Boxes, Inc.'s motion because the counterclaims fail to state a claim upon which relief can be granted.

*Legal Standard*

In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to Plaintiffs. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formalistic recitation of elements of a cause of action will not do." Id. (internal quotations ommitted). To survive a motion to dismiss a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 555.

*Discussion*

Defendants Anabel Davolt, Jeff Davolt, Chris Watson, Tim Gibilterra, and Brio Display have filed the following counterclaims:

| | |
|---|---|
| Count I | - Fraudulent Misrepresentation |
| Count II | - Negligent Misrepresentation |
| Count III | - Conversion (Walton) |
| Count IV | - Conversion (Gibilterra) |
| Count V | - Tortious Interference with a Business Expectancy (Brio Displays) |

The background facts of this dispute have been summarized in my Order of February 12, 2010. One of the key issues I ruled on in that Order is that Boxes, Inc. validly entered the agreements at issue under its fictitious name Boxes, Inc.

In Counts I and II Defendants asserts that the agreements in dispute are unenforceable because the entity Boxes, Inc. is not a Missouri corporation as represented in the agreements. Defendants allege that they relied to their detriment on Boxes, Inc.'s alleged misrepresentation that it was a Missouri corporation.

These claims have no merit. I have already ruled that Boxes, Inc. was free to use its fictitious name in these agreements and that these agreements are legally binding on Defendants.

In Counts III and IV Defendants Walton and Gibilterra allege that Boxes, Inc. "through a series of improper and deceptive compensation formula manipulations and accounting gimmicks, took possession of money (ie. commissions)" owed to them. Defendants assert a conversion claims seeking to recover the money.

This claim also fails as a matter of law. Conversion is not the appropriate action when the claim is solely for the recovery of money. Emerick v. Mutual Benefit Life Ins. Co., 756 S.W.2d 513, 526 (Mo. banc 1988). The Missouri Supreme Court recognized an exception to this rule in Dillard v. Payne, 615 S.W.2d 53 (Mo. 1981). "[T]he rule [regarding conversion] is otherwise as to funds placed in the custody of another for a specific purpose and their diversion for other than such specified purpose subjects the holder to liability in conversion." Id. at 55.

This exception does not apply in the present case. Defendants do not plead (nor can they on the facts alleged) that they place specific funds in the custody of Boxes, Inc. for a specific purpose which were diverted by Boxes, Inc. Defendants merely allege they were not paid the appropriate amount of commissions. Such allegations fail to state a claim for conversion.

In Count V Defendant Brio Display asserts a claim for tortious interference with a business expectancy. Brio Display asserts that Boxes, Inc employees told a "prospective purchaser of Brio Display's goods and services," Custom Midwest Corporation, to not have conversations or business dealings with Brio Display. Boxes, Inc. allegedly threatened Custom Midwest with a lawsuit if it dealt with Brio Display.

"Under Missouri law, the elements of tortious interference with a contract or business expectancy are (1) a contract or valid business expectancy, (2) defendant's knowledge of the contract or relationship, (3) an intentional interference by the defendant inducing or causing a

breach of the contract or relationship, (4) absence of justification and (5) damages." Wash Solutions, Inc. v. PDQ Mfg., Inc., 395 F.3d 888, 895 (8th Cir. 2005). See also Healthcare Services of the Ozarks, Inc. v. Copeland, 198 S.W.3d 604, 614 (Mo. 2006)(same).

Brio Display's tortious interference claim fails for several reasons. It fails to provide any facts which support it had a valid business relationship with Custom Midwest. The claim merely alleges that Custom Midwest was a "perspective purchaser" of Brio Display's products. This assertion fails to raise a right to relief above the speculative level. Nor does the claim allege that Boxes, Inc. had any knowledge of the existence of a contract or a valid business relationship between Brio Display and Custom Midwest.

Finally, Brio Display's allegation that Boxes, Inc.'s alleged threat of a lawsuit against Custom Midwest to enforce the non-compete agreements of Brio Display's principals lacks justification is without merit. "Under Missouri law, no liability arises for interfering with a contract or business expectancy if the action complained of was an act that the defendant had a definite legal right to do without any qualification. A company is justified in attempting to enforce its rights under a non-compete agreement so long as it has a reasonable, good faith belief in the validity of the agreement." Healthcare Services of the Ozarks, Inc.,198 S.W.3d at 614 (internal citation omitted). Moreover, [t]here is no improper interference where one intentionally causes a third person not to perform an existing contract by asserting in good faith one's own legally protected interest." Howard v. Youngman, 81 S.W.3d 101, 120 (Mo. Ct. App. 2002). See also Luketich v. Goedecke, Wood & Co., Inc., 835 S.W.2d 504, 508 -509 (Mo. Ct. App. 1992)(as a matter of law, tortious interference claim failed because former employer was justified in attempting to enforce its rights under a non-compete agreement by threatening suit to enforce

non-compete as long as former employer had a reasonable, good faith belief in the validity of the non-compete agreement).

In the present case I find that Boxes, Inc. has a reasonable, good faith belief that its non-compete agreements with the individual Defendants were valid. To the extent that Brio Display's allegations are true, that Boxes, Inc. threatened Custom Midwest with a lawsuit, such a threat of legal action was justified and defeats Brio Display's claim for tortious interference.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff's motion to dismiss Defendants' counterclaims [#91] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 5th day of August, 2010.