UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BOXES OF ST. LOUIS INCORPORATED, ) <br> d/b/a, Boxes, Inc., ) <br> ) <br> Plaintiff, ) <br> ) Case No. 4:09CV922 RWS <br> v. ) <br> ) <br> JEFF DAVOLT, et al., ) <br> ) <br> Defendants. ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Boxes of St. Louis, Inc. (Boxes, Inc.) is in the business of providing graphic display and packaging solutions to customers in, among other places, the St. Louis, Missouri metropolitan area. Boxes, Inc. alleges in its complaint that four employees left the firm and started a competing business with the help of another competitor. The complaint alleges numerous claims ranging from breach of contract to violations of federal computer fraud statutes.

After prolonged litigation, all Defendants in this matter have either settled with Boxes, Inc, gone out of business, or filed for bankruptcy. Two Defendants, GFA Decorative Trade Services, Inc. and Steve Hannigan, (together "GFA") made an offer of judgment. Boxes, Inc. accepted the offer and then sought an award of all its attorneys fees and costs from GFA for the entire litigation. GFA asserts that such an award was never contemplated by the offer of judgment and seeks to set aside that judgment. Because there was never a meeting of minds in the offer of judgment, I will grant GFA's motion to set aside the judgment.

### *Background*

Defendants Anabel Davolt, Jeff Davolt, Chris Watson, and Tim Gibilterra were

employees of a division of Boxes, Inc. known as Mid-America Display.  They all resigned from the company and started a competing business, Defendant Brio Displays, LLC.  The complaint asserts that because the newly formed Brio did not have production capabilities, a competitor, Defendant GFA was engaged to produce the display and packaging materials for Brio.  Boxes, Inc. asserts, among other claims, that all Defendants entered into an overt agreement to facilitate the usurpation of Boxes, Inc's customers in violation of the employees' agreements and various state and federal laws.

After more than two years of litigation, attrition and financial loss, several Defendants have been dropped from this lawsuit.  Anabel and Jeff Davolt were dismissed from the case without prejudice on March 6, 2012.  Chris Watson, and Tim Gibilterra both filed for bankruptcy protection on September 20, 2011.  Gibilterra was dismissed from the case without prejudice on June 15, 2012.  The status of the case against Watson is unknown.  The company these Defendants formed, Brio Displays is reportedly out of business with no remaining assets.  Boxes, Inc. has filed a motion for a default judgment against Brio Displays which is still pending.

On January 20, 2012, GFA made an offer of judgment to Boxes, Inc. in the amount of "$48,000 plus taxable costs incurred to date."  The offer was silent as to any attorneys fees.  On January 27, 2012, Boxes. Inc. accepted the offer and filed a proposed judgment.  The proposed judgment was drafted by Boxes, Inc. and offered additional language to the offer of judgment including "plus costs to be taxed according to the provision of Rule 54(d)(1) of the Federal Rules of Civil Procedure."  Boxes, Inc.'s proposed judgment did not state whether attorneys fees were included or excluded from the judgment.  I granted Boxes, Inc.'s proposed judgment on February 13, 2012.

Remarkably, instead of concluding the case, on February 16, 2012, Boxes, Inc. filed a motion seeking attorneys' fees from GFA in the amount of $374,788.25.  In addition, Boxes, Inc. filed a motion seeking costs from GFA in the amount of $34, 826.24.  These fees and costs appear to be all the fees and costs Boxes, Inc. incurred for the entire litigation against all Defendants.

On March 22, 2012, GFA filed a motion to set aside the judgment against it.  GFA asserts that an award of attorneys fees was never contemplated by its offer of judgment.  In addition, GFA asserts that the costs sought are excessive and unsupported by documentation.  GFA asserts that its offer of judgment sought to settle all the claims against it for a total of $48,000 and some costs.  GFA contends that the $48,000 offer plainly included attorneys fees.  Alternatively, GFA argues that the judgment should be set aside because there was no mutual assent between the parties as to whether the offer included attorneys fees.

Boxes, Inc. responds that GFA's failure to expressly address a potential award of attorneys fees in its offer of judgment is GFA's own shortcoming.  Boxes, Inc. asserts that GFA drafted the offer of judgment and should have been more artful in the terms employed in the document.  Boxes, Inc. asserts that it is entitled to attorneys fees when the offer of judgment is silent on that issue.

This has been a contentious case.  Boxes, Inc.'s posture at this point seems to indicate that they have gained a concession from GFA, the only Defendants who appear to have any money, and seek to have GFA pay for Boxes, Inc.'s entire cost of the lawsuit.  GFA assets that this position is unfair and not contemplated by the judgment they agreed to be entered in this case.  GFA seeks to set aside the judgment under Federal Rule of Civil Procedure 60(b)(6).

*Legal Standard*

A Rule 60(b)(6) motion can provide relief from a final judgment for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). A district court may invoke equity to accomplish justice under the rule. Watkins v. Lundell, 169 F.3d 540, 544 (8th Cir. 1999). "Rule 60(b) is properly invoked where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served." Mohammed v. Sullivan, 866 F.2d 258, 260 (8th Cir. 1989)(internal quotations and citations omitted).

*Discussion*

GFA's first argument is that the terms of its offer of judgment indicates that the $48,000 offer included attorneys fees. However, the offer does not mention the term attorneys fees. In pertinent part the offer simply states that GFA offers to "allow judgment be entered in favor of Plaintiff and against them in the amount of $48,000 plus taxable costs incurred to date." The plain language of this offer does not include or exclude attorneys fees. As a result, GFA's assertion that attorneys fees were clearly included in the offer is not supported by the language of the document.

In the alternative, GFA seeks to set aside the judgment. GFA asserts that its offer of $48,000 was the total amount it was willing to pay to settle all the claims against it plus some costs. It never contemplated that it would be exposed or required to pay an additional $375,000 in attorneys fees.

Boxes, Inc. asserts that it does not matter what GFA thought it was offering. GFA made an offer that did not mention attorneys fees. Boxes, Inc. argues that GFA assumed the risk of

making such an offer without limiting language.  Boxes, Inc. contends that GFA's offer of a judgment included a judgment on the complaint's conspiracy claim and on state and federal claims which allow the recovery of attorneys fees.  A judgment for conspiracy makes the parties joint and severally liable.  Boxes, Inc. asserts that its demand for attorneys fees incurred for the entire case in excess of seven times the amount GFA offered to settle the case is a fair request.

"Principles of contract law are applied to test whether there has been a valid offer and acceptance under Rule 68.  See Radecki v. Amoco Oil Co., 858 F.2d 397, 400 (8th Cir.1988).  In order to create a binding agreement there must have been an objective manifestation of mutual assent.  This can be inferred from external indications reflecting thoughts and intentions of the parties which show a meeting of the minds." Stewart v. Professional Computer Centers, Inc., 148 F.3d 937, 939 (8th Cir. 1998)(internal quotation omitted).

"Moreover, Rule 68 does not require a laundry list of the elements of relief included within an offer or specific mention of attorney fees, and it runs counter to the purpose of Rule 68 to assume that forms of relief not mentioned are not intended to be included [or excluded] within the sum offered.  Rule 68 is designed to encourage complete settlement, not simply to resolve the issues of liability and remedies." Radecki, 858 F.2d at 401.

Because the offer of judgment drafted by GFA and the judgment drafted by Boxes, Inc. were silent on the issue of attorneys fees, an ambiguity exists as to whether the parties intended to include or exclude them from the judgment.  A question of mutual assent as to the terms of the judgment arises.  GFA argues that Boxes, Inc.'s proposed judgment submitted to the Court modified of the language of GFA's offer of judgment and indicates that the judgment was not to include attorneys fees.  GFA also asserts, without contradiction, that it was Boxes, Inc. which

drafted the judgment that was actually entered in the case and that any ambiguity should be construed against it.  See Hennessy v. Daniels Law Office, 270 F.3d 551, 554 (8th Cir. 2001)("It is a longstanding principle of contract law that, absent parol evidence as to the meaning of an ambiguous term, ambiguous terms of a contract are construed against the drafter of the contract.")

Moreover, GFA argues that Boxes, Inc. understood the purpose of GFA's offer of judgment was to put an end to all further litigation.  In support of this proposition, GFA points to Boxes, Inc's statement in its opposition to set aside the judgment which asserts that "the objective manifestations of the parties show that they intended to enter into a contract that would bring an end to this litigation - Defendants made an offer of judgment and Boxes accepted." (Doc. # 250, Pl.'s Opp'n Mem. at 10)   GFA argues that Boxes, Inc.'s statement evidences that the parties thought the judgment would end the litigation, not merely act as a precursor to extensive litigation over attorneys fees that are over seven times the amount GFA offered to settle the case.

Boxes, Inc. argues that its settlement negotiations made clear its desire to recover attorneys fees and that GFA cannot assert in good faith assert that its offer of $48,000 would end the litigation.  Boxes, Inc. also argues that a previous offer of judgment made a year and a half earlier in this case, on May 19, 2010, on behalf of all Defendants to settle the case for $1,000.00 in full settlement, expressly including attorneys fees, demonstrates that GFA knew how to include attorneys fees in such an offer.  Boxes, Inc. argues that its rejection of that offer put GFA on notice that Boxes, Inc. would not accept an offer which did not include attorneys fees.  This argument is not supported by the facts of the case.  The previous offer of judgement that Boxes,

Inc. declined to accept was only for $1000.00 and was on behalf of all Defendants. That offer is not comparable to an offer of $48,000 on behalf of only GFA and did not put GFA on notice that Boxes, Inc. would never settle for less that all its attorneys fees in this case. Moreover, GFA's counsel who made the May 2010 offer of judgment withdrew from the case on February 7, 2011. GFA's current counsel was unaware that a previous offer of judgement had been made and was unaware of its terms when the January 2012 offer of judgment was extended to Boxes, Inc.

Based on the record before me I find that GFA is entitled to relief from the judgment against it under Rule 60(b)(6). I conclude that the "external indications reflecting thoughts and intentions of the parties" does not show that the parties had a meeting of the minds regarding attorneys fees and the offer of judgment. See Stewart, 148 F.3d at 939. I find that an award of attorneys fees based on the ambiguous offer of judgment and the actual judgment entered against GFA would be an extreme and undue hardship on GFA. GFA's $48,000 offer of judgment to end the litigation did not contemplate that it was agreeing to be exposed to almost $375,000 in attorneys fees. This decision does not place any hardship upon Boxes, Inc. Boxes, Inc. asserts that it would not have settled its claims against Defendants Anabel Davolt, Jeff Davolt, and Tim Gibilterra but for its settlement with GFA. However, because Boxes, Inc. dismissed its claims against these Defendants without prejudice in may seek to reinstate these claims.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants GFA Decorative Trade Services, Inc. and Steve Hannigan's motion to set aside the judgment against them [# 239] is **GRANTED**.

**IT IS FURTHER ORDERED that** Plaintiff's motions for attorneys fees and costs [#s 224 and 226] are **DENIED**.

**IT IS FURTHER ORDERED that** the Amended Case Management Order dated December 21, 2011 remains in effect.  The trial of this matter is set on **September 10, 2012**.

                                                RODNEY W. SIPPEL
                                                UNITED STATES DISTRICT JUDGE

Dated this 17th day of July, 2012.